IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VS.                                                    CRIMINAL NO. 1:05cr37-LG-RHW-001

DIANGELO DURR

ORDER DENYING MOTION FOR SENTENCE
REDUCTION UNDER 18 U.S.C. § 3582(c)(2)

This cause is before the Court on the *pro se* motion filed by the defendant, DiAngelo Durr [36] for a retroactive application of sentencing guidelines pursuant to 18 U.S.C. § 3582(c)(2) based upon recent amendments to the sentencing guidelines applicable to offenses involving cocaine base, and the subsequent decision by the United States Sentencing Commission [Sentencing Commission] to make this amendment retroactive, pursuant to USSG § 1B1.10 effective March 3, 2008.

The Court accepted jurisdiction over Durr for his supervised release on May 17, 2005, on transfer from the United States District Court for the Northern District of Ohio.  (Ct. R., Doc. 1.) Durr pleaded guilty to Count 1 of the indictment against him in the Northern District of Ohio on November 9, 1998.  (Ct. R., Doc. 1 - USDC-NDO docket No. 351.)  Durr was sentenced to term of 84 months imprisonment on the charge in Count 1 of the indictment; possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1).  (*Id*.)  He received a period of supervised release of 5 years, and was assessed $50.00.  (*Id*.)

Upon transfer to this district for his period of supervised release, revocation proceedings were instituted against Durr on May 26, 2005.  (Ct. R., Doc. 4.)  Durr pleaded guilty to the violation of conditions to his term of supervised release and was sentenced to six months

imprisonment.  (Ct. R., Doc. 7.)  On May 11, 2006, and May 31, 2006, petitions on violation of supervised release were issued.  (Ct. R., Docs. 11, 13.)  Durr pleaded guilty to the petition and was again sentenced to a term of 6 months imprisonment.  (Ct. R., Doc. 21.)

Two more petitions for revocation of supervised release were issued on July 17, 2007, in which the federal probation officer did not seek action by the court because Durr was enrolled in an outpatient drug treatment program, which was approved by the Court.  (Ct. R., Docs. 23, 24.)  Finally, on September 17, 2007, a petition for revocation was issued, which resulted in a judgement of revocation on October 19, 2007.  (Ct. R., Doc. 26.)  An amended judgment was entered February 22, 2008, which provided that Durr was imprisoned for a term of 48 months with no supervised release to follow.  (Ct. R., Doc. 34.)

The Court's authority under 18 U.S.C. § 3582(c)(2) extends to situations where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines, if the defendant's situation meets certain circumstances.  The amended guidelines may result in the reduction of an original term of imprisonment, however, the policy statements relating to the amendment do not provide for a reduction in a term of imprisonment which is the result of a violation of supervised release. USSG § 1B1.1 provides as follows:  "This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." USSG § 1B1.1 app. n. 4(A). The Court has no discretion to reduce a sentence when such a reduction would be inconsistent with the policy statement set forth in USSG § 1B1.10, and is not authorized to do so 18 U.S.C. § 3582(c)(2). Accordingly, the Court finds that the motion to reduce sentence should be denied.

**IT IS THEREFORE ORDERED** that the motion for change in sentence [36] pursuant to 18 U.S.C. § 3582(c)(2) be, and are hereby, denied.

**SO ORDERED AND ADJUDGED** this the 16th day of June, 2008.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE