# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CIVIL NO. 1:08CV1288-LG |
| | § | CRIMINAL NO. 1:05CR37-LG-RHW |
| | § | |
| DIANGELO DURR | § | |

## ORDER DENYING MOTION TO CORRECT SENTENCE

**BEFORE THE COURT** are Diangelo Durr's Motions to Correct Sentence [35, 39, 42] and Amended Motion to Correct Sentence [50]. He argues that his sentence (1) should be reduced by one year consistent with prior reductions by this Court, (2) should be reduced by 14 months under the new crack cocaine amendments, and (3) constitutes an illegal upward departure pursuant to *United States v. Trotter*, 270 F.3d 1150, 1151 (7th Cir. 2001). The Government has responded in opposition. The Court has reviewed the submissions of the parties and the relevant law. The Amended Motion is denied, and the remaining motions are denied as moot.

## FACTS AND PROCEDURAL HISTORY

In the Northern District of Ohio, Durr pled guilty to conspiracy to distribute crack. On November 9, 1998, he was sentenced to a term of seven years imprisonment, followed by five years supervised release.

The case was transferred to this Court on May 17, 2005. On June 23, Durr pled guilty to violating his supervised released, and the Court sentenced him to six months' imprisonment, followed by 4 years supervised release. Approximately one year later, he pled guilty to another supervised release probation, and the Court sentenced him to six months' imprisonment,

followed by three years supervised release.

Finally, on October 19, 2007, Durr appeared before the Court once more on a charge of probation violation. He pled guilty and was sentenced to serve a four year term of imprisonment, with no supervised release. In so sentencing him, the Court found:

> the defendant's conduct is categorized under the . . . statute as a Grade C violation and since the defendant's original criminal history category is a Category IV and the Sentencing Guidelines would recommend a range of six to 12 months, I am . . . considering that . . . but I am stating into the record that while I have considered them, I will not follow them.
> . . . It is the sentence of this Court that the defendant is committed to the custody of the Bureau of Prisons for a term of 48 months. There will be no supervision to follow after a completion of the 48-month sentence. This 48-month sentence, of course, gives him credit for the one year that he has already served on the five-year sentence upon which he was originally convicted.

(Tr. at 8). His attorney then asked, "[W]ill he also receive the credit for the other time he served after he finished that one-year sentence?" to which the Court replied, "That calculation is to be made by the Bureau of Prisons." *Id.* at 8-9. Over five months later, Durr filed the first of his motions to challenge his sentence.

**DISCUSSION**

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992). "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th

Cir. 1995) (*United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)). Therefore, relief under § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

PRIOR MOTIONS TO VACATE

Durr filed three separate motions to vacate his sentence or to reconsider his request for a crack-cocaine reduction. He sought and received permission to file his Amended Motion to Correct [50] in the place of these prior motions. Therefore the prior motions [35, 39, 42] are moot.

PRIOR REDUCTIONS

In his Amended Motion, Durr first argues that his sentence should be reduced one additional year, because the Court had previously reduced his supervised release by this amount in each of the two prior revocation sentences. The Government did not address this argument.

The Court did not give him this additional credit, and the issue was not brought up at his sentencing. Upon revocation of supervised release, the court may sentence a defendant to a term of imprisonment equal to:

> the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision. . . except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony. . . .

18 U.S.C. 3583(e)(3). Further, the Court must give credit for the incarceration he previously served on revocation. *United States v. Jackson*, 3289 F.3d 406, 407 (5th Cir. 2003). He does not

<mark>-3-</mark>

argue that the Court exceeded its sentencing power under this authority. In fact, the four-year sentence was authorized under this statute. His original crime of conviction was conspiracy to distribute multiple kilograms of crack, which is a Class A felony. 18 U.S.C. 3559(a)(1); 21 U.S.C. §§ 841; 846. Therefore, the maximum amount of term of imprisonment upon revocation was five years, less the cumulative one year he had already spent in prison on his first two revocations. He points to no authority and the Court finds none, which would prevent the Court from revoking its prior unsuccessful attempts at leniency.

CRACK COCAINE REDUCTION

In his rebuttal, Durr withdrew this issue.

*TROTTER*

Finally Durr argues that his sentence should be restricted to two years pursuant to *Trotter*. He argues that because his violation offense (personal use of narcotics) is a Class C violation, he can only be sentenced to two years in prison under the Sentencing Guidelines. The Government does not address this issue.

In *Trotter*, the defendant violated his supervised release when he tested positive for illegal narcotics. The trial court however classified this as a Class B violation (possession of drugs), rather than a Class C (use of drugs) and then followed the Sentencing Guidelines, by sentencing him to the low end of the sentencing range. *Id.* at 1152. As a result, he was imprisoned for six months with 30 months' supervised release. *Id.* at 1151. In that case, "the judge did not show any inclination to deviate from" the Sentencing Guidelines "[t]hus for current purposes we treat [the guidelines] as if [they] were binding." *Id.* However, the Seventh Circuit affirmed the classification of Class B, finding there was enough evidence of possession. *Id.* at 1156. The

Court never held that this violation was subject to a maximum two year sentence.

Trotter does not apply here, because in this case, the Court classified Durr's violation conduct as Class C and specifically considered but rejected the Sentencing Guidelines. Further, even if *Trotter* did apply, it does not stand for the proposition that this Court was compelled to sentence Durr to only two years. The only time a two-year sentence was mentioned in the *Trotter* case was when the court noted that simple possession of marijuana by a repeat offender, such as Trotter, was punishable up to two years, and thus the trial court considered this a Grade B violation. *Id.* at 1151-52. This was ultimately used to affirm that classification. The case did not state that either the Sentencing Guidelines nor Section 3583 gave a maximum two year term of imprisonment.

Durr has not shown that he was improperly sentenced. Accordingly,

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motions to Vacate, Set Aside, or Correct Sentence and for other relief [35, 39, 42] filed by Diangelo Durr are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Durr's Amended Motion to Vacate or Correct Sentence [50] is **DENIED.** A separate judgment will be entered herein in accordance with this Order as required by FED. R. CIV. P. 58.

**SO ORDERED AND ADJUDGED** this the 20th day of July, 2009.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE